UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOYCE SANSALONE,

                 **Plaintiff,**

- against -

BON SECOURS CHARITY HEALTH SYSTEM, INC.,

                 **Defendant.**

**MEMORANDUM OPINION AND ORDER**

05 Civ. 8606 (BSJ) (RLE)

------------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

By letter dated January 31, 2009, Plaintiff has requested yet another extension of the discovery deadline. Specifically, Plaintiff asserts additional time is needed to finalize expert reports and any resulting expert discovery. For the reasons which follow, the request is **DENIED**.

This case was initially referred to the undersigned for general pretrial at the end of December 2005. Prior to referral to the undersigned, Defendant requested a change of venue, and indicated a desire to move to dismiss for improper service and lack of subject matter jurisdiction. By Order on March 21, 2006, this Court scheduled all discovery to be completed by July 31, 2006. On May 15, 2006, District Judge Jones denied Defendant's motion for venue change. On May 11, 2006, this Court granted Plaintiff an opportunity to move to amend the Complaint, and in mid-July 2006, Defendant answered the Amended Complaint.

Nearly fifteen (15) months later, by letter dated October 18, 2007, Defendant wrote to the Court requesting dismissal of the case for failure to prosecute. Defendant indicated that it had served its First Set of Interrogatories on Plaintiff on July 19, 2006, and stated that "Plaintiff has not proceeded in any fashion with respect to discovery proceedings or responses to

interrogatories." The Court scheduled a conference for November 29, 2007, which was adjourned upon request of Plaintiff's counsel, and the Parties appeared for a conference on January 10, 2008. At that conference, the Court learned that Plaintiff had served no discovery requests on Defendant. The Parties were ordered to submit a joint proposed discovery schedule by January 18, 2008. However, Defendant was unable to contact Plaintiff's counsel, and submitted its own proposed discovery plan. Plaintiff's counsel wrote to the Court in response to Defendant's submission, explained his lack of input in the proposed order was the result of a miscommunication between the Parties and generally raised no disagreement with the dates proposed by Defendant. In late January 2008, this Court set a discovery deadline of May 15, 2008. At the subsequent conference, adjourned once from February 6, 2008, to March 13, 2008, because Plaintiff's counsel was unavailable, the Court learned that Plaintiff had not yet provided Defendant with relevant medical record authorizations. Plaintiff was ordered to provide the medical authorizations within one week or be subject to sanctions, and it was further ordered that Plaintiff's expert report(s) be submitted by April 22, 2008, and Defendant's expert report(s) by May 22, 2008.

  In mid-May, the Court attempted to call the Parties to learn the status of discovery. Defendant's counsel indicated that no depositions had been taken. Plaintiff's counsel was not immediately reachable but subsequently indicated an extension was necessary because of the complexity of the document requests. As a result of both Parties' written requests for an extension of discovery, the Court extended the discovery deadline to July 17, 2008. In late June 2008, both Parties again wrote the Court identifying two outstanding depositions and some final documents that needed to be exchanged. Defendant specifically noted their unsuccessful attempts

to communicate with Plaintiff to schedule her deposition. Plaintiff's counsel replied to the Court on June 27, 2008, outlining the Parties' plan for conducting the final depositions and concluding discovery. As a result of these communications, by Order dated July 1, 2008, the Court granted an extension for fact discovery to September 1, 2008. The Parties again each wrote to the Court at the end of September, explaining that depositions had been completed in mid-August and they needed additional time for the production of expert reports and any resulting discovery or depositions. In a letter requesting that extension, Plaintiff indicated that her expert report would be completed on or around November 15, 2008. By Order dated October 8, 2008, the Court granted one final extension for expert discovery, ordering that it be completed by January 31, 2009. Between granting the extension in October 2008 and Plaintiff's January 31, 2009 letter, the Court received no communications from either Party. Defendant's response to Plaintiff's January 31 letter indicated that Plaintiff's counsel had failed to provide Defendant with the transcript of the deposition of one of Defendant's doctors, although the deposition took place in mid-August 2008. Defendant also renewed its request to move for summary judgment.

  The Court conducted a telephone conference on February 11, 2009, at which Plaintiff's counsel was given an opportunity to explain his apparent neglect with regard to his obligations to prosecute this case. Counsel indicated that he had the transcript ready to send in early fall 2008, prior to leaving for a vacation and "professional" conferences. Despite the history of neglect and delay, counsel did not confirm that the transcript had been sent to Defendant, and he did not cure this failing in either November or December. Nor did Plaintiff's counsel contact his expert to confirm that the expert had received the transcript or to insure compliance with the November 15 deadline. In fact, according to Plaintiff's expert's declaration, provided with Plaintiff's counsel's

request for this final extension of expert discovery, Plaintiff's counsel contacted its expert around mid-October, stating further documents were forthcoming. (Declaration of Dr. Stephen S. Teich, Jan. 30, 2009, ¶ 5.) Plaintiff's expert notes that he received documents between the end of October and the beginning of December 2008, but did not speak again to Plaintiff's counsel until the latter part of December, and did not begin reviewing and organizing the materials to prepare his report until the beginning of 2009. (*Id.* ¶¶ 6-7.) Incredibly, counsel did not consult with Defendant or the Court between the beginning of October and the end of January, and submitted his letter to the Court dated on the discovery deadline.

Upon review of the case file, the history of extensions and the pattern of Plaintiff's failure to perform discovery duties and to actively prosecute the case, the Court finds that Plaintiff has failed to show good cause for another extension.

**IT IS HEREBY ORDERED** that discovery is **CLOSED** and the Parties shall comply with the following Summary Judgment motion briefing schedule:

1) Defendant may file a motion for Summary Judgment on or before **March 11, 2009**;

2) Plaintiff may file a Response on or before **April 1, 2009**;

3) Defendant may file a Reply on or before **April 8, 2009.**

**SO ORDERED this 17th day of February 2009**
**New York, New York**

*Ronald Ellis* (signature)

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4