UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
JOYCE SANSALONE,                     :      05 Civ. 8606 (BSJ)
                                     :      **Order**
            Plaintiff,               :
                                     :
      v.                             :
                                     :
BON SECOURS CHARITY HEALTH SYSTEM,   :
INC.,                                :
                                     :
            Defendant.               :
                                     :
------------------------------------ X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

   Before the Court is Plaintiff's Motion for Reconsideration of the Court's April 7, 2009 Order denying Plaintiff's appeal from Magistrate Judge Ronald L. Ellis's denial of a request for an extension of expert discovery. For the reasons set forth below, Plaintiff's Motion for Reconsideration is DENIED.

### LEGAL STANDARD

   "A motion for reconsideration . . . is appropriate when the court has overlooked 'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.'" Greenwald v. Orb Commc'ns & Marketing, Inc., 00 Civ. 1939, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (quoting Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000)). Whether or not to grant a motion for reconsideration is within the discretion

1

of the district court judge, subject only to review for abuse of discretion. See id.

## DISCUSSION[1]

Plaintiff asserts that reconsideration is appropriate in this case because the Court should have applied de novo review to Magistrate Judge Ellis's February 17, 2009 Memorandum Opinion and Order instead of a "clearly erroneous or contrary to law" standard. The Court disagrees.

Federal Rule of Civil Procedure 72 provides, in relevant part, that when reviewing objections to a magistrate judge's non-dispositive order, a district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). When handling objections to a magistrate judge's recommendations on dispositive motions, however, the Rule dictates that a district court is to conduct de novo review. Fed. R. Civ. P. 72(b)(3). In this case, Magistrate Judge Ellis's Memorandum and Order denied Plaintiff a requested extension of the expert discovery deadline. Plaintiff asserts that the Court should have applied de novo review to Judge Ellis's ruling because the denial of the requested extension deprived Plaintiff of the ability to present an expert report and "constituted a 'death penalty' to her

---

[1] The pertinent facts are set forth in both Magistrate Judge Ellis's February 17, 2009 Memorandum Opinion and Order and the Court's April 7, 2009 Order. Familiarity is assumed for the purposes of this motion.

2

litigation." (Pl.'s Mem. L. in Support of Reconsideration at 4.) Plaintiff's argument, however, is contrary to law.[2] It is well-settled that "[m]atters concerning discovery generally are considered 'nondispositive' of the litigation," Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990), and, in particular, courts have held that the decision to admit or exclude expert testimony is considered nondispositive of an action. See Pavlou v. Baxter Healthcare Corp., No. 98 Civ. 4526, 2004 U.S. Dist. LEXIS 24084, at *3 (S.D.N.Y. Nov. 22, 2004); RMed Int'l, Inc. v. Sloan's Supermarkets, Inc., No. 94 Civ. 5587, 2000 WL 420548, at *2 n.1 (S.D.N.Y. Apr. 18, 2000); Ferriso v. Conway Org., No. 93 Civ. 7962, 1995 WL 580197 (S.D.N.Y. Oct. 3, 1995).

The cases Plaintiff cites in support of her position are inapposite. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062 (1979), does not address the standard of review a district court should apply when assessing a magistrate judge's ruling, and Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458 (10th Cir. 1988), and Zises v. Dep't of Soc. Servs., 112 F.R.D. 223 (E.D.N.Y. 1986), address

---

[2] Plaintiff's argument additionally appears to be somewhat disingenuous given her assertions in her recently-filed Opposition to Defendant's Motion for Summary Judgment suggesting that her case withstands the exclusion of her expert report. See Pl.'s Brief in Opp'n to Def.'s Motion for Summary Judgment at 5-6 (stating that "[t]his case is one in which the failure of the treating health care professionals to perform their duty is too obvious to be foreclosed by the absence of expert testimony, like a case in which the surgery which was performed amputated the wrong leg").

3

magistrate decisions striking pleadings or dismissing cases altogether, rulings that are clearly "dispositive" of a plaintiff's litigation. The one case Plaintiff cites that is relevant, Yang v. Brown Univ., 149 F.R.D. 440 (D.R.I. 1993) is not binding on this Court. Accordingly, given Plaintiff's failure to provide the Court with controlling case law to the contrary, the Court finds that its April 7, 2009 Order appropriately applied the "clearly erroneous or contrary to law" standard of review dictated by Federal Rule of Civil Procedure 72.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is DENIED.

**SO ORDERED:**

Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         June 9, 2009

4